Good morning, Your Honors. May it please the Court, Ashwini Mate representing Cesar Lopez, and I'd like to try to reserve two minutes of my time for rebuttal. Your Honors, I'd like to first address the District Court's failure to provide a full and fair evidentiary hearing to allow my client to cross-examine the officers on their declarations. Simply put, Your Honors, when the government carries their burden of proving that an exception to the warrant requirement exists, by relying on officers' declarations prepared for the express purpose of litigation, we shouldn't be protecting those officers from being cross-examined by Defense Counsel based on those representations. They should be subject to cross-examination. So hold on a second. So the Court applied a local rule at this point. Are you essentially arguing that that local rule is unconstitutional? Your Honor, we're arguing that that we complied with the local rule, the very language of the local rule, sorry, doesn't preclude cross-examination of an officer's declarations when they're provided in support of the defendant's burden, I mean, sorry, the government's burden of proving that an exception to the warrant requirement exists. In other words, we're not necessarily saying the local rule is unconstitutional, but there's nothing in the local rule that precludes us from cross-examining the government's declarations, the government's witnesses. In fact, we should be allowed to. The local rule explicitly says that we are allowed to provide, that we should support our motion to suppress with a declaration on behalf of the defendant, which we provided. There was both a declaration by the defendant and one by the attorney on behalf of the defendant, specifically citing the local rule and explaining that the facts attached in the police reports, which again, were all that were known at that time to the defendant, provided the factual basis upon which we found there was no facts that gave rise to reasonable suspicion or probable cause. Nothing in those police reports indicated whether there was reason, what facts gave rise to reasonable suspicion or probable cause. It wasn't until the government provided the declarations of the officers that we got a better indication of what they were basing their reasonable suspicion determination on, or their probable cause determination on. The fact that they believed that this area of Glendale was a high-crime area wasn't in their arrest reports, that was in the declarations of the officers. The fact that they impounded the car wasn't even in their arrest reports, that was in the declarations of the officers. So we should have been allowed the opportunity to cross-examine them on those facts that they say gave rise to reasonable suspicion and probable cause. But the only challenge that your client was making at the time of filing the motion to suppress was to the consent issue. Based on the motion to suppress, we were challenging whether or not they had any reasonable suspicion to stop, any reasonable suspicion to search, and any reasonable suspicion to search the car, search the client, search the car, and stop the individuals to begin with. But your client's declaration only challenged consent. But our client's declaration, again, the declaration has to be provided based on facts known to the defendant at the time. Again, we didn't know what the basis of the reasonable suspicion was that the officers had. How could we then provide facts to contest that without knowing what they were to begin with? And again, Your Honor, to the extent that, again, the declarations provided a much bigger picture about what the basis was for the reasonable suspicion for this stop, there was, again, no mention of the fact that this was a high-crime area, which they repeatedly mentioned in their declarations as a basis for the stop and probable cause to search the car. Counsel, to get to this argument that you're making now, you have to get past the plea agreement in this case, correct? Yes, Your Honor. But the plea agreement in this case, by the plain language of 11A2, requires that we conditionally reserve the right to appeal an adverse decision on a specified pretrial motion. We didn't have an adverse decision on a specified, on this particular kind of pretrial motion at the time, because the only adverse decision at the time was the district court's refusal to even hear the motion, which we did conditionally agree to appeal. And so, I mean, there would be no reason for us to conditionally agree to appeal the district court's refusal to hear the motion to suppress if we never intended to appeal the merits of that motion. Well, not necessarily. I mean, this is a negotiation with the government. The government can say, look, if you win this before the Ninth Circuit, I'm talking the previous round, you'll get your suppression hearing. And maybe Judge Walter will suppress the evidence you want to suppress. But again, by the plain language of 11A2, where there was no adverse decision for us to conditionally reserve the right to appeal at that time. Wasn't the adverse decision the refusal to grant the hearing? Which was the, which was exactly what we conditionally reserved the right to appeal. So what, so you got what, so the relief you were seeking that you reserved was to have an opportunity to have the hearing, correct? It was the opportunity to have the motion to suppress heard. Right. But without an adverse decision on that motion to suppress, how could we, you know, there was no adverse decision to actually reserve the right to conditionally appeal based on the plain language of Rule 11A. Well, you could, you could have added, there could have been extra language in here and saying, and if we lose the suppression hearing, we can, we can appeal that too. I think that without having actually predicted what was going to happen or knowing where this appeal was going to go, there was no way for us to predict what, whether or not we would get an adverse decision. How is that different than any other conditional plea? There's always the risk. You don't know what exactly is going to happen. That's, that's the deal you cut with the government. And most of the case law deals with specified pretrial motions that have already been had and adverse decisions on those, on those, I'm sorry, on those motions that have already happened before you reach the point of coming to an agreement with the government about whether or not you would, you know, conditionally create a plea agreement. I mean, and again, it seems unreasonable to expect that we would conditionally plea, conditionally agree, reserve the right to appeal an adverse decision on the timeliness of a motion and, and forego our right to also then, or especially our client would probably not choose to forego the right to appeal the merits. And I will agree with you that I've, I've never seen an appellate waiver like this with, on that narrow of a ground, but that could cut two ways. I mean, on the one hand, your point is like, look, why would we ever do this if it was just for this one thing? On the other hand, it is so specific. But again, that conforms with the plain language of Rule 11A, which requires that we select an adverse decision on a specified pretrial motion. Again, we didn't have an adverse decision at that point. And you didn't have an adverse decision because you, um, the district court refused to hear the motion. So I guess what I'm saying, the way I kind of look at this is as a waiver, like what are you waiving by entering this plea agreement? And waiver is generally a, um, intentional relinquishment of a known right. And given that you didn't know you had that right at the time, your argument is that you couldn't have waived it in the plea agreement. Correct, Your Honor. We didn't have an adverse decision on the merits at that moment. And so there was nothing that we knew about that we could certainly conditionally reserve the right to, to appeal. And the other way I would look at it either as a waiver, the other way I would look at it is it seems silly to, to waive the, it seems to me that the hearing it and appealing an adverse decision from it are two sides of the same coin. They're almost the same thing in terms of what your, you know, the ultimate merits. I mean, why would you waive one and not the other or not waive, or reserve one and not the other? Correct, Your Honor. And I will reserve the rest of my time for rebuttal. Okay. And maybe, um, Mr. Alden can respond to my concerns. Good morning, Your Honors. And may it please the court, Bram Alden for the United States to respond to your concerns, Judge Wardlaw. I think that what the defendant got here was what he bargained for, which was a consideration of the motion on the merits. And I don't think that's meaningless. There's all sorts of appeals and fights and motions in which a defendant doesn't even get consideration on the merits because of a procedural bar. Here, the procedural bar was the district court's implementation of a timing rule that the government believed wasn't fair. And therefore, the government conceded on appeal in the first appeal that the district court should have heard the motion on the merits. That is exactly the adverse ruling that the defendant preserved. That is what this court held that the defendant had a right to, was a hearing and a decision on the merits. To Judge Owens' questions, Docket 28 was specifically enumerated in the plea agreement as the adverse decision that the defendant reserved the right to appeal from. That's at ER 210-11 in the plea agreement. Docket 28 is the ex parte application. That is the timing order. Docket 29, which was not specified in the plea agreement, was the substantive motion to suppress. So under Rule 11A2, which is the conditional plea agreement rule, the he was reserving the right to appeal from. And he did. He specified the ex parte application, Docket 28, not the motion itself, Docket 29. That is why the appeal waiver should be enforced. And the defendant derived a substantial benefit from this appeal waiver. In this case, the government dismissed an aggravated identity theft count that carried with it a two-year consecutive mandatory term of imprisonment. And the defendant's total term of imprisonment was only 46 months, which was below the low end of his guidelines range. So he did derive a substantial amount from this plea agreement. And the government had to consent to that conditional plea. It did so knowing that what the defendant preserved was the right to a hearing on the merits of his motion. And that is exactly what he got in the first appeal. In fact, he wrote in his own brief that he, the district court, improperly refused to consider his suppression motion. That is what the government agreed with. It said there should be a remand for consideration. And that is what this court granted. The order says the parties agree that the motion to suppress should have been heard. So if can you address the merits for a moment? I seem to hear your opposing counsel argue that they were deprived of a fair hearing because they weren't able to cross-examine the police officers and the police officers. There seemed to be some discrepancy between the police reports and the declarations. So I would address the merits by starting with that question, Your Honor, and sort of referring back to what Judge Dorsey was pointing out, which is that the local rule that this court has upheld multiple times requires the defendant to put the fact at issue through a declaration. He certainly could have done so in a reply brief in support of his motion to suppress once he believed that the government was raising additional facts. He could have filed another declaration at that point, putting other facts at issue. He chose not to do so. What he did file was a two-sentence declaration in support of his motion to suppress, and that's at ER 154. And as Judge Dorsey points out, the only issue he raised in that was whether he consented. But the other point I would make on the merits, and I think this is critical, is that really, rather than go through the law school exam type analysis of every Fourth Amendment issue here, I would urge the court to focus on one fact, which is that these officers found that this car had been reported stolen. And that fact is critical because it establishes two things. First, it establishes that the defendant did not have standing to challenge the search. No matter all the circumstances, the case the defendant cites in his reply brief from the Supreme Court, the Byrd case, that's a case from this year. And it says specifically, and I quote, a person present in a stolen automobile at the time of the search may not object to the lawfulness of the search of the automobile. So setting aside all of the concerns about was there reasonable suspicion, was there a stop, was there probable cause, this defendant cannot challenge this search because he was in a stolen automobile. So there's one wrinkle to that, I think, that's in this case, which is they say that the search was unreasonably prolonged so that they could conduct a search of whether there was an outstanding warrant. What's your answer to that? That really what happened was, to go back to the initial stop, the government's position obviously is that there was no stop when the officer first began questioning the defendant. But if there was, that there was reasonable suspicion based on the missing front license plate, and that under this court's precedence, the police are entitled to ask certain questions of any person during a Terry stop. I think that's the Turvin case that the government cites in its brief, that so long as it doesn't unreasonably prolong it. And if you listen to the recording, it wasn't a very lengthy exchange before the officers actually started to determine that there was probable cause here. Wasn't the car also parked in an odd way? It was parked late at night in front of a residence in Glendale. And the reason that the officers were first responding was because they got a 911 call from a woman who was scared to come out of her home because it was late at night and she didn't recognize the car or its occupants. So the officers did have reasonable suspicion. But I think going back to the stolen vehicle report, it's relevant also for the purposes of the inventory search exception or the inevitable discovery exception. And I think it's extremely important to that point because there is no real debate that the police have the right to impound a stolen vehicle, even if it turns out that somehow this defendant had the right to be in it. He didn't know it was stolen. It was borrowed. When they get a report, the police see that this vehicle has been reported stolen. They have the right to impound it. And in connection with that, they have the right to conduct an inventory search. So I don't think the court should reach all any of these issues based on the appellate waiver. But if it does, I think the easiest and clearest route to affirm is to focus on the fact that this was reported as a stolen vehicle. So not going for bonus points. If the court has no further questions, the government would submit. All right. Thank you, counsel. Your Honor, just to clarify with respect to the final questions as to whether or not the there's no reason why my client would waive appellate review of the merits of suppression hearing and reserve the right to have one. I think that they both go hand in hand and the appellate waiver should not be construed to preclude review of this issue. Is it your argument that Rule 11A2 precluded your client from including a clause? It's simply that the plain language requires only that we we specify an adverse decision on a specified pretrial motion. And there hadn't been one yet. And so there was no way to predict what that decision would look like, what parts it would look like. And there was no way to specify the docket number that didn't exist as to what that adverse decision would look like. So so I guess my question is, would it have been impossible under the rule in your in have included something that said any potential merits based decision post remand? At that point, we didn't know whether we would get a remand, though. You didn't know, but it was certainly foreseeable. It was potentially foreseeable, Your Honor, but I still think that based on the plain language of the rule, we complied with it and how we created a conditional plea and that plea agreement, the very intention behind the parties coming together and agreeing to at a suppression hearing on the merits indicates that we were also willing to conditionally agree to to appeal those the merits decisions. I mean, why would we ask for a merits decision if we weren't intending to appeal that merits decision? That seems to be the sixty thousand dollar question here. But again, I would also point to one other thing with regards to whether or not we raise a sufficient factual dispute to merit an evidentiary hearing. In reply, we actually did raise several factual disputes that were all related to what was in the mindset of the officers at the time that they made their reasonable suspicion and probable cause determination, but not by affidavit, not by declaration, not by the defendant's declaration, because the defendant can't declare a defendant's declaration, according to the local rule, has to be about information that he's competent to testify about. He's not competent to testify about what in the officer's specialized training and experience leads them to believe that this is a high crime area or leads them to believe that a security vest is somehow suspicious or leads them to believe that they didn't have to check the back of the car for a vehicle code violation. He's not competent to testify as to those matters. That is in the mindset of the officers in their experience and specialized training. And we should have had the opportunity to cross-examine them on that point. Thank you, counsel. U.S. versus Lopez will be submitted. I think both counsel for their excellent argument.
judges: Wardlaw, Owens, Dorsey